UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 08-128-GWU

PAMELA BLEVINS, PLAINTIFF,

VS.  **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

Pamela Blevins brought this action to obtain judicial review of an unfavorable administrative decision on her applications for Child's Insurance Benefits (CIB) and for Supplemental Security Income. The case is before the court on cross-motions for summary judgment.

## CHILD'S DISABILITY INSURANCE

An individual who becomes disabled as defined by 42 U.S.C. § 423(d) before attaining the age of twenty-two, who is the dependent child of a person entitled to old age or disability insurance benefits or fully insured at the time of his/her death, and who is unmarried at the time of application, is entitled to CIB. 42 U.S.C. § 402(d)(1).

CIB benefits employ the same disability standards as are used to determine disability in adults. 42 U.S.C. § 423(d).

1

08-128  Pamela Blevins

## ADULT'S SUPPLEMENTAL SECURITY INCOME

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404,1521, 416.920(c), 461.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work

>experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on

3

the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. § 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations.

Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

08-128 Pamela Blevins

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . .

6

manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services.

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Blevins, a 37-year-old woman with no past relevant work history, suffered from no "severe" impairments. (Tr. 17, 138). The plaintiff's problems with being a Hemophilia B carrier, back pain complaints, and kidney problems were found to be "less than severe." (Tr. 17). Therefore, the claimant could not be considered totally disabled. (Tr. 18).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the court

7

must grant the defendant's summary judgment motion and deny that of the plaintiff.

The ALJ properly determined that Blevins's alleged medical conditions were "less than severe." Dr. Kip Beard performed a consultative examination of the plaintiff. (Tr. 122-127). The claimant reported problems related to easily bruising and bleeding as a result of being a carrier of Hemophilia B, kidney problems and back pain. (Tr. 122-123). Physical examination revealed a normal gait with no problems sitting. (Tr. 124). The cervical spine had a normal range of motion with no sign of muscle spasm. (Tr. 125). Examination of the knees revealed no tenderness, redness, warmth, swelling, effusion, laxity or crepitation. (Id.). Examination of the ankles and feet revealed some mild MTP bony prominence without tenderness, redness, warmth or swelling. (Id.). Mild ankle valgus alignment with weight bearing with no abnormal callus formation on the plantar aspects of the feet was observed. (Id.). No range of motion abnormalities were found. (Id.). Examination of the lumbar spine and hips revealed no abnormal range of motion findings. (Id.). Neurological examination revealed no sign of muscle weakness and sensation was intact. (Id.). The physician found no sign of abnormal bruising or bleeding. (Tr. 126). Dr. Beard noted a diagnostic impression of Hemophilia B carrier by history, a remote history of kidney infection and dysfunction, chronic myofascial back pain, and chronic lower extremity pain with early degenerative findings of the MTP joints. (Id.). Dr. Beard specifically noted that Blevins would not be limited in

8

her ability to sit, stand, move about, lift, carry, handle objects, hear, see, speak or travel. (Tr. 127). This report strongly supports the ALJ's decision.

Dr. Allen Dawson reviewed the record and opined that it did not reveal the existence of a "severe" impairment. (Tr. 129). This opinion also supports the administrative decision.

The remainder of the medical record is very sparse and does not support Blevins's claim of total disability. Treatment records dated between August, 1995 and August, 1997 from the Johnson County Health Department reveal normal physical examination results in August of 1995 and August, 1996. (Tr. 111-112). A Papanicolau Smear was within normal limits. (Tr. 118). A May, 1997 testing at the University of Kentucky Chandler Medical Center revealed that the plaintiff was a carrier for Hemophilia B. (Tr. 110). This condition was not reported to impose any work-related limitations. (Id.). Testing conducted by Dr. Steve Sommer of the City of Hope, Beckman Research Institute in March of 1998 also indicated that the claimant was a Hemophilia B carrier. (Tr. 121). Functional limitations were not indicated.

Blevins argues that the ALJ erred by failing to fully develop the record. She asserts that additional Johnson County Health Department records exist which would shed light on her condition and could have been obtained by the ALJ. The plaintiff cites 20 C.F.R. § 416.912(d) which provides that the Social Security Administration will " . . . make every reasonable effort to help you get reports from your own medical

08-128  Pamela Blevins

sources when you give us permission to request the reports." However, Blevins, who was represented by Attorney Kimberly Osborne, never requested any assistance in obtaining additional medical records.  Furthermore, the burden is upon the plaintiff to provide evidence complete and detailed enough to enable the Commissioner to determine that they suffer from a "severe" impairment.  <u>Landsaw v. Secretary of Health and Human Services</u>,  803 F.2d 211 (6th Cir. 1986).  The agency helped develop the record by sending the claimant to Dr. Beard for a consultative examination.  Therefore, under these circumstances, the court finds no error.

The undersigned concludes that the administrative decision should be affirmed.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.

This the 25th day of March, 2009.

**Signed By:**
<u>G. Wix Unthank</u>
**United States Senior Judge**